UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER L. MEEK, JR.,<br><br>                    Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                  Defendant. | Case No. EDCV 11-00427-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On March 11, 2011, Elmer L. Meek, Jr. ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Social Security disability insurance benefits. The Commissioner filed an Answer to the Complaint on September 12, 2011. On November 14, 2011, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 38 year old male who filed an application for Social Security disability and disability insurance benefits on June 27, 2007, alleging disability beginning June 3, 2003. (AR 32.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 34.)

Plaintiff's claim was denied initially on October 15, 2007, and on reconsideration on February 29, 2008. (AR 32.) Plaintiff filed a timely request for a hearing, which was held on June 11, 2009, in San Bernardino, California, before Administrative Law Judge ("ALJ") F. Keith Varni. (AR 32, 54-77.) Plaintiff appeared and testified at the hearing. (AR 32.) Claimant was represented by counsel. (AR 32.)

The ALJ issued a decision denying benefits on September 28, 2009. (AR 32-39.) The Appeals Council denied Plaintiff's request for review on January 14, 2011. (AR 3-5.) The Appeals Council denied a request to reopen on February 4, 2011. (AR 1-2.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether the ALJ erred in rejecting the functional capacity assessments of treating physician Dr. Obrowski and in mischaracterizing those of treating orthopedist Dr. Einbund.

2. Whether the assessment of examining orthopedist Dr. Styner was rejected by reference to legally adequate rationales.

3. Whether the ALJ's finding that the testimony of Plaintiff and his wife is not credible is based on a proper application of the relevant legal standards and is otherwise supported by substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is

not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC")[1]. 20 C.F.R. § 416.920(e). RFC is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 3, 2003, through his date last insured of March 31, 2009. (AR 34.)

At step two, the ALJ found that through the date last insured Plaintiff has the medically determinable severe impairments of cervical and lumbar strain. (AR 34.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 34.)

The ALJ found that Plaintiff through the date last insured has the RFC to perform the full range of light work. (AR 34.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 37.)

At step four, the ALJ found that Claimant is unable to perform his past relevant work as a big rig mechanic and parts counter and warehouse mechanic. (AR 38.)

At step five, however, the ALJ did find there were other jobs existing in significant numbers in the national economy that Plaintiff can perform. (AR 39.) Based on an RFC for the full range of light work, a finding of not disabled was directed by Medical-Vocational Rule 202.21.

Accordingly, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. (AR 39.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's RFC was supported by substantial evidence. The ALJ properly rejected the opinion of Dr. Obrowski and interpreted the opinion of Dr. Einbund in a reasonable manner. The ALJ properly discounted the medical opinion of Dr. Styner. The ALJ properly discounted the subjective symptom testimony of Plaintiff and his wife. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ assessed the Claimant with an RFC for the full range of light work, with no limitations. (AR 34.) All three issues raised by Plaintiff concern the ALJ's RFC. The ALJ's RFC, however, is supported by substantial evidence.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

### A. The ALJ Properly Considered The Medical Opinions And RFC Assessments Of Plaintiff's Treating Physicians

Plaintiff first challenges the ALJ's RFC because he claims that the ALJ improperly rejected the opinion of Dr. Obrowski and misstated the opinion of treating orthopedist Dr. Einbund. The Court disagrees.

#### 1. Relevant Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### 2. Analysis

The ALJ's RFC assessment for the full range of light work is based primarily on the evaluation of Plaintiff's treating orthopedist Dr. Michael Einbund. (AR 36, 38.) On September 6, 2004, Dr. Einbund diagnosed cervical spine strain, thoracolumbar strain and symptomatic spondylolisthesis, and restricted Plaintiff to light work. (AR 36, 268.) On September 27, 2007, consulting orthopedist Dr. Bunsri Sophon also diagnosed cervical sprain and lumbar sprain. (AR 36, 308.) His evaluation that Plaintiff is able to lift 50 pounds occasionally and is limited to sitting, standing and walking 6 hours in an 8 hour work day

indicate Plaintiff is capable of medium work. (AR 36, 308.) State agency physician Diana Rose, M.D., concurred in Dr. Sophon's assessment of a medium work RFC. (AR 36, 318-25.) Giving Plaintiff the benefit of the doubt, the ALJ adopted the light work RFC of Dr. Einbund. (AR 38.)

In contrast, Plaintiff's treating family physician Dr. Sandra Obrowski opined in 2007 and 2008 that Plaintiff could lift only 5 pounds and stand, walk and sit but one hour in an 8 hour day. (AR 36.) She further opined that Claimant's impairments are severe enough to interfere constantly with concentration and attention, and the pain sometimes causes depression. (AR 36.)

Because Dr. Obrowski's RFC assessment is at odds with those of other physicians, Plaintiff concedes that the ALJ need only present specific, legitimate reasons for rejecting Dr. Obrowski's opinion. (JS 10.) The ALJ did so. The ALJ determined that Dr. Obrowski's RFC was rebutted by the opinions of Dr. Einbund, Dr. Sophon and the State Agency reviewer. (AR 38.) Although Plaintiff clearly disagrees with the ALJ's interpretation of the medical evidence, it is the ALJ who is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039; Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Here, the ALJ's interpretation was reasonable and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ also discounted Dr. Obrowski's opinion because Plaintiff sees Dr. Obrowski "only at two month intervals" and "the treatment is limited to refilling medications." (AR 37-38.) Conservative treatment is a legitimate basis for discounting a physician's opinion. Rollins, 261 F.3d at 856. The ALJ discounted Dr. Obrowski's opinion for specific legitimate reasons supported by substantial evidence.

Plaintiff also suggests that the ALJ mischaracterized Dr. Einbund's RFC assessment. Plaintiff contends that Dr. Einbund found that Plaintiff could work only while standing or walking, meaning that he could not sit at all. (JS 12, cited AR 268.) Plaintiff's interpretation of the evidence is not reasonable. Dr. Einbund did not assess any restriction against sitting

and his RFC for light work was without restriction and inconsistent with any RFC restriction. Dr. Einbund's statement that Plaintiff could "do work in a standing or walking position" was but an elaboration that, in addition to light work jobs that require a lot of sitting, Plaintiff also could do those that require walking or standing. This interpretation is consistent with the definition of light work in 20 C.F.R. § 404.1567(b). Again, Plaintiff interprets the evidence differently but the ALJ is responsible for resolving ambiguities in the record. Andrews, 53 F.3d at 1039. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. Thomas, 278 F.3d at 954. The ALJ's RFC is reasonable and should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ properly rejected the RFC assessment of Dr. Obrowski for specific, legitimate reasons supported by substantial evidence and did not mischaracterize Dr. Einbund's RFC assessment. To the extent that Dr. Einbund's opinion is ambiguous, the ALJ's interpretation of the medical evidence was reasonable and should not be second-guessed.

### B. The ALJ Properly Rejected The Opinion Of Dr. Styner

On May 11, 2009, examining orthopedist Dr. James Styner opined that due to the severity of Claimant's symptoms "he would not be able to reliably perform even light work on a regular 8 hour/day, 40 hour/week basis." (AR 37.) On May 20, 2009, Dr. Styner opined that Plaintiff could stand, walk and sit up to 3 hours in an 8 hour day, lift 10 pounds occasionally and carry up to 5 pounds. (AR 37.)

The ALJ gave Dr. Styner's opinion minimal persuasive value. (AR 37.) Because Dr. Styner's opinion is inconsistent with other physicians' opinions, Plaintiff concedes that the ALJ need provide only specific, legitimate reasons to reject Dr. Styner's opinion. (JS 18.) The ALJ did so. The ALJ found that Dr. Styner's less than sedentary assessment was "thoroughly rebutted by the treating physician Dr. Einbund's permanent and stationary report." (AR 37.) Plaintiff repeats his assertion that Dr. Einbund found Plaintiff unable to work in a seated position at all, but the Court already has rejected that interpretation of

Dr. Einbund's RFC assessment. Again, the ALJ is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. The ALJ did so and his interpretation was reasonable and should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ also noted that Dr. Styner was not claimant's treating physician. (AR 37.) The ALJ reasonably gave greater weight to the opinion of treating physician Dr. Einbund. See Batson v. Comm'r of Soc. Sec. Adm., 359 F.3d 1190 (9th Cir. 2004) (treating physician's opinions generally afforded greatest weight in disability cases).

The ALJ next contends that Dr. Styner's opinion is completely inconsistent with the physical examination (AR 37) but does not explain why this is so. The ALJ further contends that Dr. Styner's opinion lacks probative value because it was obtained to generate evidence for appeal rather than for medical treatment of symptoms. (AR 37.) The Court does not need to reach these issues, as the ALJ's other grounds for rejecting Dr. Styner's opinion are sufficient. Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008); Stout v. Comm'r Soc. Sec. Adm., 454 F.3d at 1050, 1053 (9th Cir. 2006).

### C. The ALJ Properly Discounted The Subjective Symptom Testimony Of Plaintiff And His Wife

Plaintiff's final challenge to the ALJ's RFC is that the ALJ improperly discounted Plaintiff's subjective symptoms. The Court disagrees.

#### 1. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be

"sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 37.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent they are inconsistent with the ALJ's RFC assessment. (AR 37.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ plainly discounted Plaintiff's subjective symptoms because they were not supported by the objective medical evidence. (AR 37.) The ALJ found that no medically determinable impairment supports Plaintiff's assertion of constant pain that reduces concentration and causes depression, and that none of the B criteria for mental reasons had been established. (AR 37.) The ALJ also found no documentation in the record to support Plaintiff's allegations that he has to lay down 7 hours during the day, gets no benefit from epidurals, cannot do anything, and his symptoms have worsened since 2003. (AR 37.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959.

1    The ALJ offered additional reasons for discounting Plaintiff's credibility. As already
noted, Plaintiff saw Dr. Obrowski at 2-3 month intervals with treatment limited to refilling
medications. (AR 37-38.) Conservative treatment is a valid basis for discounting a
claimant's testimony regarding the severity of his symptoms. Parra, 481 F.3d at 750-51.

The ALJ also noted that Plaintiff had been over-medicating with narcotic prescriptions
and had become opioid-dependent, based on the opinion of Dr. Martinez who saw Plaintiff in
June 2009 and reviewed his medical records and prescription history. (AR 37, 38.) There is
substantial evidence in the record suggesting Plaintiff sought prescriptions to feed his opioid
abuse, not for treatment, as treatment notes reflect his chief complaint was "out of pain
medication." (AR 363, 365, 366, 378, 380, 388, 392, 393.) Plaintiff's medication abuse is a
valid reason for discounting Plaintiff's credibility. Gray v. Comm'r of Soc. Sec., 365 Fed.
Appx. 60, 63 (9th Cir. 2010) (evidence of drug-seeking behavior is a valid reason for finding
a claimant not credible); Lewis v. Astrue, 238 Fed. Appx. 300, 302 (9th Cir. 2007)
(inconsistency with medical evidence and drug-seeking behavior sufficient to discount
credibility); Morton v. Astrue, 232 Fed. Appx. 718, 719 (9th Cir. 2007) (drug-seeking behavior
is a valid reason for questioning a claimant's credibility). Plaintiff argues that the record does
not support a finding that he was opioid-dependent but, dependent or not, the record does
indicate drug-seeking behavior, which is sufficient to support an inference of abuse and to
discount Plaintiff's credibility under the case law cited above. The ALJ's interpretation of the
record was reasonable and should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ also discounted the lay witness testimony of Plaintiff's wife and friend. (AR
35, 37, 38.) Lay witness testimony regarding a claimant's symptoms is "competent evidence
that an ALJ must take into account," unless the ALJ "expressly determines to disregard such
testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236
F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony,
ALJ must make findings "germane to each witness, and supported by substantial evidence").
The reasons germane to each witness must be specific. Bruce v. Astrue, 557 F.3d 1113,

1115 (9th Cir. 2009). Lay witness testimony cannot be disregarded without comment. <u>Stout</u>, 454 F.3d at 1053. In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does not "clearly link his determination to those reasons" and substantial evidence supports the ALJ's decision. <u>Lewis</u>, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982).

The ALJ properly discounted the lay witness testimony of Plaintiff's wife and friend because it was inconsistent with the objective medical evidence and with Plaintiff's RFC. (AR 37, 38.) Inconsistency with medical evidence is a germane reason for discounting lay witness testimony. <u>Bayliss</u>, 427 F.3d at 1218; <u>Lewis</u>, 236 F.3d at 511. Also, the testimony of Plaintiff's wife and friend mirrored that of Plaintiff himself and as a result the ALJ's reasoning for discounting Plaintiff's testimony extends to the testimony of Plaintiff's wife and friend as well. <u>Valentine v. Commissioner, Soc. Sec. Adm.</u>, 574 F.3d 685, 694 (9th Cir. 2009).

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: <u>March 9, 2012</u>          <u>/s/ John E. McDermott</u>
                                                      JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE